UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JOHN LOVEDAY, )
)
    Plaintiff, )
)
v. ) No. 2:20-CV-00089-JRG-CRW
)
DOUG SEALS, HANCOCK COUNTY )
JAIL, BETH MARTIN, and JOHN DOE, )
)
    Defendants. )

## MEMORANDUM OPINION

Plaintiff, a prisoner of the Tennessee Department of Correction, has filed a motion for leave to proceed *in forma pauperis* [Doc. 4] and a pro se complaint for violation of §1983 arising out of his allegation that Defendant Hancock County Jail erroneously placed an "escape designation" in his jail file [Doc. 1 at 4–5]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED** and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

    **I.    FILING FEE**

First, it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**.

Because Plaintiff is an inmate in the Morgan County Correctional Complex, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent

(20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. STANDARD

Under the Prison Litigation Reform Act, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se

2

pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Allegations of the Complaint

As set forth above, Plaintiff alleges that Defendant Hancock County Jail erroneously[1] placed an "escape designation" in his jail file [Doc. 1 at 4] Plaintiff further asserts that this designation has slandered him, caused him "mental stress and anguish," prohibited him from being able to be housed in an annex, prevented him from being assigned to the least restrictive work sectors, and denied him additional good conduct credits and access to beneficial programs [Doc. 1 at 4–5]. Plaintiff also states that he has written numerous letters to individuals and entities to correct this designation, to no avail [*Id.*]. Plaintiff has sued Doug Seals, Hancock County Jail, Beth Martin, and John Doe, and seeks removal of the escape designation and compensatory damages [*Id.* at 1, 6].

### C. Analysis

First, Hancock County Jail is not a suable entity under § 1983, *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983"), and Plaintiff has not set forth any facts from which the Court can plausibly infer that any custom or policy of Hancock County caused any violation of his constitutional rights such that this municipality could be liable for such a violation under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a

---

[1] While Plaintiff states that this escape designation is erroneous because he has never been charged with, convicted of, or issued a disciplinary report for escape, he never alleges that he did not actually escape the Hancock County Jail [Doc. 1 at 4–5].

3

governmental entity may be liable under § 1983 only where its official custom or policy causes a constitutional rights violation).

Additionally, Plaintiff does not allege that any individual Defendant had any personal involvement in any violation of his constitutional rights arising from the improper escape designation. *Frazier v. Michigan,* 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983). Moreover, while Plaintiff states that he wrote letters to various individuals and entities about his improper escape designation, even if the Court liberally construed this allegation to assert that Plaintiff made any or all individual Defendants aware of this allegation, knowledge of a grievance and failure to remedy the issue therein is not sufficient grounds to hold a supervisory jail official liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983).

Further, even if Plaintiff had sued the individual responsible for his improper escape designation, Plaintiff's allegation that he has been denied procedural due process with regard to this designation fails to state a claim upon which relief may be granted under § 1983 as Plaintiff does not allege that he has been denied a protected interest as a result of this designation. In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court found that a prisoner is entitled to the protections of due process only when a sanction at issue "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486–87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998). The *Sandin* Court concluded that mere placement in administrative segregation did not

4

implicate a liberty interest because that placement did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484; *Wilkinson v. Austin*, 545 U.S. 209, 222-23 (2005).

Plaintiff's allegations that the escape designation in his jail file has denied him housing in an annex, a job in the least restricted work sectors, additional good time credits, and access to beneficial jail programs do not allege an atypical and significant hardship resulting from this designation. As a prisoner, Plaintiff does not have "[a] . . . constitutional right to prison employment or a particular prison job," a property right to wages for his work, or a statutory right to sentence reduction credits. *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003). Plaintiff also does not have a constitutional right to a certain housing placement in jail, *Montanye v. Haymes*, 427 U.S. 236, 242 (1976), or to access to educational, vocational, or other jail programs. *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (holding that "[p]risoners have no constitutional right to rehabilitation, education, or jobs.").

Moreover, Plaintiff's allegation that this designation has "slandered" him does not state a cognizable claim for relief under § 1983. *Azar v. Conley*, 456 F.2d 1382, 1389 (6th Cir. 1972) (holding that "the Civil Rights Act does not give rise to a cause of action for slander").

Accordingly, even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983 and this action will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

5

4. The Clerk will be **DIRECTED** to mail a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to furnish a copy of this order to the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

                                        s/J. RONNIE GREER
                                   UNITED STATES DISTRICT JUDGE